Filed 12/10/25  In re E.G. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re E.G., et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E085735 |
| Plaintiff and Respondent, | (Super.Ct.No. DPIN2500001) |
| v. | OPINION |
| A.G., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Susanne S. Cho, Judge. Affirmed.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Prabhath Shettigar, Deputy County Counsel, for Plaintiff and Respondent.

In this appeal from the juvenile court's jurisdiction and disposition findings and orders, A.G. (father) contends the Riverside County Department of Public Social Services (the department) failed to comply with its duty of initial inquiry imposed by state statutory provisions implementing the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA). We affirm. (See *In re Dominick D.* (2022) 82 Cal.App.5th 560, 563, 567 (*Dominick D.*))[1]

## BACKGROUND

This dependency action concerns two of father's children: Ek.G. (born 2020) and El.G. (born 2023). In January 2025 the department filed a dependency petition under section 300 alleging father engaged in domestic violence against the children and mother, that he has substance abuse issues, that he has mental health issues, and that mother failed to protect the children.

Mother and father consistently denied any Indian heritage. Maternal grandmother also denied any Indian heritage. There is no evidence in the record that the department spoke to any other extended family members about the children's potential Indian

---

[1] Undesignated statutory references are to the Welfare and Institutions Code. "In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1, disapproved on other grounds in *In re Dezi C.* (2024) 16 Cal.5th 1112 (*Dezi C.*).)

heritage, but also no evidence that the department knows of any other extended family members.

The court held a contested jurisdiction/disposition hearing in March 2025. The court found jurisdiction over the children, removed them from both parents, and ordered reunification services. It also found "[t]he Indian Child Welfare Act does not apply. The children are not native Indian children. The Department has conducted a sufficient inquiry related to that."

ANALYSIS

Father argues the department and the juvenile court did not comply with their duty of initial inquiry under ICWA. Specifically, he argues the department failed to identify extended family members and inquire with them about his children's Indian ancestry. The department argues they met their duty of initial inquiry, and that in the alternative this court should only vacate the court's ICWA findings but otherwise affirm.

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.) When the initial inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved" (§ 224.2, subd. (e)), the court and social worker must conduct further inquiry to "determine whether there is

3

reason to know a child is an Indian child." (§ 224.2, subd. (e)(2).) The department "does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact [the Bureau of Indian Affairs] and the tribes." (*In re K.T.* (2022) 76 Cal.App.5th 732, 744.)

Because the parties agree the department has inquired with all currently identified extended family members, the juvenile court's findings—namely that the department has conducted a sufficient inquiry so far and that there is not currently reason to believe or know the children are Indian children—are appropriate. There is no error and therefore nothing for us to correct, as the juvenile court may "find[] that an agency's inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child, so ICWA does not apply." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1134.) However "[e]ven if a court makes this finding, an agency and the court have a continuing duty under ICWA, and the court 'shall reverse its determination if it subsequently receives information providing reason to believe that the child is an Indian child and order the social worker or probation officer to conduct further inquiry. . . . " (*Ibid.*) Thus, we expect both the department and the juvenile court will continue to faithfully execute this duty while this dependency is ongoing.

4

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:


CODRINGTON
Acting P. J.


MENETREZ
J.

5